NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BETH ANN KUHN,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>          Defendant-Appellee. | No. 16-35230<br><br>D.C. No. 3:15-cv-05109-JLR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, Senior District Judge, Presiding

Submitted October 18, 2017**

Before:  CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Beth Ann Kuhn appeals the district court's decision affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The ALJ did not commit reversible error when evaluating the medical evidence from Kuhn's treating cardiologists and two state agency consulting physicians. First, the ALJ did not commit error when evaluating the medical evidence from Kuhn's treating cardiologists. Their clinical findings are consistent with the ALJ's residual functional capacity determination, as neither physician opined on Kuhn's limitations, and the medical record indicates that, apart from right groin pain, Kuhn recovered normally from her surgeries. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Second, even if the ALJ committed error when evaluating the medical evidence from the state agency consulting physicians, any such error was harmless. The subsequently produced evidence, including the treatment notes from Kuhn's treating cardiologists dated March through December 2012, does not support a finding of disability. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (declining to reverse for harmless error when, considering the record as a whole, the error did not affect the ALJ's ultimate disability determination).

2

2.  The ALJ did not err when evaluating the credibility of Kuhn's symptom and limitation testimony. The ALJ provided two legally sufficient reasons for determining that Kuhn's testimony was not fully credible: (1) her testimony was inconsistent with the medical evidence, and (2) her testimony was inconsistent with her daily activities. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Further, these reasons were supported by substantial evidence in the record, including Dr. Sundaram's treatment notes, Kuhn's agency function report, and Kuhn's own testimony from the administrative hearing regarding her daily activities. This evidence is sufficient to satisfy the substantial evidence standard. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) ("Substantial evidence means more than a mere scintilla, but less than a preponderance." (internal quotation marks omitted)).

3.  Kuhn's remaining arguments are based on her underlying contention that the ALJ committed reversible error in connection with its evaluation of the medical evidence and its credibility determination. Because the ALJ did not commit any such error, these arguments fail.

**AFFIRMED.**